**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                         Case No. 09-20272

FRANCIS A. SHARRAK,

    Defendant.
                                                     /

**ORDER SETTING SENTENCING HEARING, SCHEDULE FOR
SENTENCING BRIEFS, AND DIRECTING MARGARET RABEN TO FILE
OBJECTIONS TO PRESENTENCE REPORT**

Nearly 18 months ago Defendant Francis Sharrak was convicted of three counts of willfully failing to file federal tax returns and one count of attempting to evade the payment of federal taxes. Shortly after trial, the court granted Defendant's trial counsel's motion to withdraw, which indicated that Defendant fired counsel, and permitted Defendant to proceed pro se during the sentencing phase of his case. (10/4/2010 Order, Dkt. # 72.) Over the course of the next year and a half, Defendant requested, and in many cases this court granted, extensions to file various motions and adjournments of his sentencing. The court appointed an experienced criminal defense attorney, Margaret Raben, to act as Defendant's standby counsel, and in January 2011, standby counsel filed a motion to adjourn sentencing for a determination of Defendant's competence to proceed pro se during sentencing. (Mot. Adjourn Sent., Dkt. # 121.) The court granted the motion, (1/3/2011 Order, Dkt. # 122), ordered Defendant to undergo a psychological examination to determine his competency, (1/11/2011 Order,

Dkt. # 126), and, upon receiving Defendant's evaluation, ultimately determined that Defendant was competent to proceed with sentencing, (5/6/2011, Dkt. # 131). In its order finding Defendant competent to proceed with sentencing, the court also granted Defendant additional time to consult with his standby counsel to reevaluate his decision to represent himself. (*Id.*) On November 17, 2011, Defendant reaffirmed his desire to proceed pro se, and the court rescheduled his sentencing hearing for February 9, 2012. (11/21/2011 Order, Dkt. # 139.) Like so many times before, just a day before his objections to the presentence report were due, Defendant sought an extension to file his objections, explaining to the court that he misunderstood the court's prior order which clearly directed him to file any objections to the report on or before December 8, 2011. (Mot. Extension of Time, Dkt. # 140.) The court nevertheless granted Defendant's request for an extension but informed Defendant it would not reschedule his sentencing. (12/16/2011 Order, Dkt. # 141.)

On January 13, 2012, Ms. Raben submitted a letter to the court and the Government detailing Defendant's recent medical complications at the Wayne County Jail. Specially, Ms. Raben indicated that Defendant was not consistently receiving his prescribed medication, and as a result, Defendant would likely be communicating with the court in the near future regarding the deadlines to file objections to the presentence report and to file other sentencing-related documents. On February 2, 2012, a week before Defendant's sentencing, Ms. Raben forwarded to the court and the Government a seven-and-a-half page letter drafted by Defendant detailing his recent medical issues and informing the court of his desire to have a forensic accountant, tax expert, forensic psychiatrist, and polygraph examiner appointed to assist him during his sentencing.

(Letter from Def. to the Court, Feb. 2, 2012.)  Defendant also suggested the court reschedule his sentencing for September 2012.  (*Id.*)  Defendant's detailed and relatively sophisticated letter, however, failed to address the presentence report, and Defendant offered no explanation as to why he decided to organize, compose, and file a letter instead of focusing on the report as the court clearly instructed him to do in its previous orders.

At the February 9, 2012 hearing—a hearing originally scheduled for Defendant's sentencing—the court stated that it would reschedule sentencing one final time and Defendant would no longer be permitted to forestall the conclusion of this case.  The court observed that where a criminal defendant has elected to proceed pro se, a court has a continuing interest "in ensuring the integrity and efficiency of the trial," and such interest "at times outweighs the defendant's interest in acting as his own lawyer." *Martinez v. Court of Appeal of Cal.*, 528 U.S. 152, 162 (2000).  In the instant case, Defendant's unwillingness to address the presentence report despite the report being available since November 2010 forces the court to take action to ensure the fair and efficient administration of justice.  While deciding not to revoke Defendant's right to self-representation, the court informed the interested parties that to protect the integrity of the proceedings it would enlist Ms. Raben independently as an officer of the court to aid it in bringing this case to a final resolution.  Specially, Ms. Raben was directed to file whatever objections to the presentence report she deems appropriate, independent of any objections Defendant may elect to file, and in addition to file a statement of any proposed motion for departure from calculated guidelines or proposed argument for sentence variance that she thinks proper.

The court reminded the parties, however, that Defendant was to maintain actual control over his case and that any disagreement between Defendant's and Ms. Raben's sentencing strategies is resolved in favor of Defendant, i.e., that Defendant is not bound to follow Ms. Raben's lead.  Accordingly,

IT IS ORDERED:

FIRST, that Ms. Raben shall file directly on the court's docket any objections to the presentence report she would propose on or before **March 12, 2012**.  Ms. Raben shall provide Defendant a draft copy of such objections at least one week before filing her proposed objections with the court.  Objections filed by standby counsel may assist Defendant, and may help guide the court's thinking, but shall not constitute the Defendant's formally-stated objections unless they are adopted by Defendant.

SECOND, that Ms. Raben shall file any "Statement of Proposed Motion for Guideline Departure," "Statement of Proposed Sentence Variance," or both as she deems appropriate, on or before **March 19, 2012**.

THIRD, that Defendant shall file whatever objections to the presentence report he may have on or before **March 19, 2012**.  Defendant may adopt any objection that may have been suggested by standby counsel. The objections filed by Defendant and any standby counsel objection adopted by Defendant's agreement shall constitute the only formally-stated objections to the report.

FOURTH, that the Government shall file its response to Defendant's objections, as well as any comment it may have in response to Ms. Raben's proposed objections, on or before **April 2, 2012**.

FIFTH, that Defendant shall file whatever motion for guideline departure, statement of proposed sentence variance, or both, he may have on or before **April 9, 2012**. Defendant may adopt any proposed motion for guideline departure or statement of proposed sentence variance, that may have been suggested by standby counsel. Such departure motions or variance statements filed by Defendant, and any standby-counsel-proposed departure motion or variance statement specifically adopted by Defendant, shall constitute the only formally-stated motion for guideline departure or statement of proposed sentence variance presented to the court.

SIXTH, that the Government shall file its response to any Defendant's motion for guideline departure or statement of proposed sentence variance on or before **April 20, 2012**.

SEVENTH, that any additional sentencing memoranda from either party are considered by the court as optional in this case, but shall be filed, if at all, on or before **April 20, 2012**.

Argument on any departure motion, allocution relative to any statement of variance, and sentencing shall occur **April 30, 2011, at 2:00 p.m.**

                                            s/Robert H. Cleland  
                                            ROBERT H. CLELAND  
                                            UNITED STATES DISTRICT JUDGE

Dated: February 17, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 17, 2012, by electronic and/or ordinary mail.

                                                s/Lisa Wagner
                                                Case Manager and Deputy Clerk
                                                (313) 234-5522