**UNITED STATES DISTRICT COURT  
FOR THE EASTERN DISTRICT OF MICHIGAN  
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                Case No. 09-20272

FRANCIS A. SHARRAK,

    Defendant.
                                                    /

**ORDER DENYING DEFENDANT'S "MOTION FOR CONSOLIDATION OF DUE DATES AND FOR 60 DAY ADJOURNMENT OF SENTENCING . . ."**

Before the court is a motion filed by pro se Defendant Francis A. Sharrak, in which Defendant seeks yet another adjournment of his sentencing and the return of a personal property removed from his cell at the Wayne County Jail. On April 5, 2012, the Government filed a response. After reviewing the briefs, the court concludes a hearing is unnecessary. E.D. Mich. LR 7.1(f)(2). For the reasons stated below, the court will deny Defendant's motion.

The court will not again recite the long procedural history following Defendant's conviction in August 2010 on three counts of willfully failing to file federal tax returns and one count of attempting to evade the payment of federal taxes.[1] Suffice it say, however, that at a February 9, 2012 hearing and in a subsequent February 17, 2012 order, the court informed Defendant that his nearly two-year effort to forestall the conclusion of this case would no longer be permitted, and the court would not grant any additional

---

[1] A more detailed recitation of the procedural history of this case can be found in the court's prior orders, including the February 17, 2012 order rescheduling Defendant's sentencing.

adjournments of sentencing absent the most extraordinary circumstances. In his latest motion, Defendant argues that an adjournment is necessary for three reasons, all of which are unavailing.

First, Defendant claims that in light of the complexity of the legal issues involved in this case, the "short time" he has been given to prepare for sentencing is inadequate. (Def.'s Mot. Adjourn ¶ 2, Mar. 20, 2012, Dkt. # 146.) Contrary to his belief that he has only had a short period of time to prepare for sentencing, Defendant has been in possession of the presentence report since the fall of 2010, giving him approximately eighteen months to review the report, formulate objections, and draft any motions for a guidelines departure or statements of proposed sentence variance. Furthermore, Defendant's contention that the complexity of this case makes it difficult for him to prepare an adequate defense is an oft-repeated refrain relied upon by Defendant in seeking prior adjournments and extensions of deadlines. (*See e.g.*, Def.'s Mot. Extension File Objections 2, Dec. 7, 2011, Dkt. # 140.) By electing to proceed pro se, however, Defendant has assumed the risks and hazards that accompany self-representation, and the fact that he now believes the issues to be complex does not entitle him to repeated adjournments of his sentencing.

Defendant next states that since approximately the beginning of February 2012, the Wayne County Jail has not provided him with his prescribed medication on three occasions. (Def.'s Mot. Adjourn ¶ 3.) Although Defendant's standby counsel has in the past indicated that the repeated failure to take his prescribed medications has impaired his ability to prepare for sentencing, there is no indication now that the purported three times Defendant did not take his medication over the course of an approximately two-

2

month period materially affected his ability to prepare for sentencing. Indeed, the fact that Defendant was able to draft a coherent, five-page motion seeking an adjournment of his sentencing and the return of his personal property suggests that Defendant has maintained the mental and physical facilities necessary to proceed with sentencing.

Finally, Defendant alleges that on March 8, 2012, a personal computer he claims to have possessed since August 2010 and to contain documents necessary to prepare for sentencing was removed from his cell by Wayne County Jail officials. (*Id.* at ¶¶ 5-6.) As an initial matter, Defendant's contention that he has relied upon the computer since August 2010 to assist him in his defense is directly contradicted by Defendant's own hand-written motion filed in October 2010, in which he stated that he "has had ONLY the use of bowling/golf pencils" with which to file motions. (Mot. Extension Time 2, Oct. 21, 2010, Dkt. # 87). Moreover, in spite of Defendant's contention that the United States Marshals Service and the Wayne County Sheriff's Department knew that he possessed the laptop in his jail cell, this court did not authorize possession of any electronic devices in his cell, and the Government indicates that neither the Marshals Service nor the Sheriff's Department authorized the Defendant to possess the computer. (Gov't's Resp. to Def's Mot. Adjourn ¶¶ 13-14, 17, April 5, 2012, Dkt. # 149.) According to the Government, the computer was removed from Defendant's cell pursuant to a federal investigation unrelated to this case. (*Id.* at ¶¶ 15-17.) Counsel for the Government has "been in frequent contact with stand-by counsel for defendant [since the computer was seized], and from the very outset, a prompt offer was made to prioritize and provide electronic copies of any specific files containing legally permissible items that authorities could turn over to defendant." (*Id.* at ¶ 19.) Defendant has, to

3

date, failed to identify any files that he believes he is entitled to possess.  (*Id.*)  Because the Government has offered to make available to standby counsel and Defendant any specific files that may be on the computer's hard drive and needed by Defendant for sentencing purposes, Defendant's contention that his inability to access the computer requires an adjournment of his sentencing is without merit.  If Defendant believed that documents stored exclusively on the computer were necessary for sentencing, he could have accepted—and presumably still can accept—the Government's offer to provide copies of any specific files Defendant identifies.[2]

In addition to seeking a sixty-day adjournment and a return of his personal property, Defendant asks the court to authorize the visitation of unnamed "legal professionals, para-professionals, and others" at the Wayne County Jail.  Because this type of administrative request should be addressed to the officials at the jail, not this court, the court will deny Defendant's request.  Accordingly,

IT IS ORDERED that Defendant Francis A. Sharrak's "Motion for Consolidation of Due Dates and for 60 Day Adjournment of Sentencing . . ." [Dkt. # 146] is DENIED.  The deadlines set forth in the court's February 17, 2012 order remain in effect, and Defendant's sentencing shall occur on **April 30, 2012 at 2:00 p.m.**

       s/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated:  April 9, 2012

---

[2]To the extent Defendant's motion also seeks the return of the personal computer, the request is denied.  Defendant has proffered no evidence demonstrating that he is entitled to possess the laptop while incarcerated at the Wayne County Jail and the Government has stated that the computer was seized pursuant to a federal investigation.

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 9, 2012, by electronic and/or ordinary mail.

                                          <u>s/Tanya Bankston for Lisa Wagner</u>
                                          Case Manager and Deputy Clerk
                                          (313) 234-5522